F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 2 8 2010

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02703-BNB

TODD ANTHONY AURIT, Christian Sovereign, Secured Party Creditor,

    Plaintiff,

v.

DOUGLAS COUNTY DISTRICT COURT,
NANCY HOPF, District Judge,
PAUL KING, District Judge,
RICHARD CASHETTE, District Judge,
THOMAS J. CURRY, District Judge,
CAROL CHAMBERS, District Attorney,
DARREN VAHLE, Deputy District Attorney,
RYAN BRACKLEY, District Attorney,
CHERYL LAYNE, Clerk of Court,
KATHY MCGUIRE, Public Defender,
JOHN BECKER, Public Defender, and
KYLE DUMLER, Public Defender,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Todd Anthony Aurit, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Crowley County correctional facility. Mr. Aurit initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution were violated during the course of his state court criminal proceedings against him. As relief, Mr. Aurit seeks damages and his release from incarceration.

Mr. Aurit has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(i) and (iii), the Court must dismiss the

complaint at any time if the claims asserted are legally frivolous or if Mr. Aurit seeks monetary relief from a Defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or in which he asserts facts that do not support an arguable claim. **See Neitzke v. Williams**, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the complaint and the action pursuant to § 1915(e)(2)(B)(i) and (iii).

The Court must construe Mr. Aurit's filings liberally because he is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110. However, the Court should not be an advocate for a **pro se** litigant. **See id**.

Mr. Aurit alleges that his constitutional rights were violated during the course of the state court criminal proceedings against him. Mr. Aurit alleges that he was convicted in two separate cases in the district court of Douglas County, Colorado: Nos. 04CR220 and 06CR374. He specifically alleges that Defendants conspired to convict and incarcerate him falsely through his state court criminal cases. He seeks money damages and "[r]elief . . . in the form of a void judgement [sic] in [Nos. 04CR220 and 06CR374] with an order of immediate release of the Plaintiff from custody of the Department of Corrections (Colorado)." Prisoner Complaint at 11. The named

Defendants in this action are a state court, district judges, district and deputy district attorneys, a clerk of court, and public defenders apparently involved in his state criminal cases.

Mr. Aurit's sole federal remedy for wrongful imprisonment is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after exhaustion of state remedies, *see* § 2254(b)(1).

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). "[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). The only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)).

Mr. Aurit's claims for damages pursuant to § 1983 will be dismissed because those claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or

sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. Although Mr. Aurit apparently argues that he is challenging the allegedly unconstitutional actions by the named Defendants and not the validity of the underlying conviction, the Court is not persuaded because Mr. Aurit's constitutional claims necessarily are linked to the validity of the underlying conviction or convictions. Therefore, the claims for damages are dismissible pursuant to *Heck*.

Furthermore, even if Mr. Aurit's claims were not barred by *Heck*, those claims still lack merit and must be dismissed because Mr. Aurit may not sue the named Defendants pursuant to § 1983 for the alleged constitutional violations.

First, Mr. Aurit's claims against the Douglas County District Court in which he was convicted must be dismissed because this Defendant, as an agency of the State of Colorado, is protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). The State of Colorado and its agencies are immune from suit in federal court unless the state has made an express waiver of its Eleventh Amendment immunity and consented to suit in federal court of Congress has abrogated Eleventh Amendment immunity. *Ellis v. University of Kan. Med. Ctr.*, 163 F.3d 1186, 1195-96 (10th Cir. 1998). For the state and its agencies, Eleventh Amendment immunity extends to suits for damages and injunctive relief. *See id.* at 1196.

The State of Colorado has not waived its Eleventh Amendment immunity, *see*

*Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988). Furthermore, enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Therefore, the Douglas County District Court is entitled to Eleventh Amendment immunity, and the claims against it will be dismissed.

Defendants Nancy Hopf, Paul King, Richard Cashette, and Thomas J. Curry are absolutely immune from liability in a civil rights suit for actions taken in their judicial capacity, unless they acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994); *see also* Section 309(c) of the Federal Courts Improvement Act of 1996, Pub.L. No. 104-317, 110 Stat. 3847 (1996) (barring injunctive relief in any § 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity. . . unless a declaratory decree was violated or declaratory relief was unavailable."). Issuing an order is a judicial action that is afforded immunity, regardless of whether the order is allegedly unlawful under state statute or the United States Constitution. *See Stump*, 435 U.S. at 356-357 and n.7. A claim against a defendant who clearly is immune from suit is legally frivolous. *Neitzke*, 490 U.S. at 327. Therefore, Ms. Hopf and Messrs. King, Cashette, and Curry are inappropriate parties to this action based on absolute judicial immunity.

"[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved." *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (quotation and brackets omitted). Absolute judicial immunity thus has been extended to

5

nonjudicial officers, such as clerks of court, "where their duties had an integral relationship with the judicial process." *Id.* (quotation omitted). Mr. Aurit accuses Clerk of Court Cheryl Layne of the same misconduct--"Dishonor of TORT, operating on one of the Sovereign American People of the republic of Colorado, Contempt of Constitution, Color of law, Fraud, RICO," complaint at 4--as he alleges against the judicial officers. As such, Ms. Layne was acting "as an official aide of the judge," *Henriksen v. Bentley*, 644 F.2d 852, 855 (10th Cir. 1981), and is absolutely immune from Mr. Aurit's damages claims against her.

Mr. Aurit's claims against district attorneys Carol Chambers and Ryan Brackley and Deputy District Attorney Darren Vahle are barred by absolute prosecutorial immunity because "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994). Mr. Aurit claims against Ms. Chambers and Messrs. Brackley and Vahle are for alleged actions that occurred in the course of their role as prosecuting attorneys. Ms. Chambers and Messrs. Brackley and Vahle are entitled to absolute prosecutorial immunity, and the claims against them will be dismissed.

Mr. Aurit's claims against Defendants Kathy McGuire, John Becker, and Kyle Dumler, defense attorneys who represented Mr. Aurit in the state court criminal proceedings, also must be dismissed. Defense attorneys, whether court-appointed or privately retained, performing in the traditional role of attorney for the defendant in a

criminal proceeding are not deemed to act under color of state law; such attorneys represent their client only, not the state, and cannot be sued in a § 1983 action. **See Polk County v. Dodson**, 454 U.S. 312, 325 (1981); **Hunt**, 17 F.3d at 1268. A defense attorney engaged in a conspiracy with state officials to deprive his client of his constitutional rights does act under color of state law. **See Tower v. Glover**, 467 U.S. 914, 920-23 (1984); **Hunt**, 17 F.3d at 1268. However, "[w]hen a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." **Sooner Products Co. v. McBride**, 708 F.2d 510, 512 (10th Cir. 1983). In addition, because Mr. Aurit is attempting to demonstrate state action on the basis of a conspiracy with judges and deputy district attorneys who themselves are entitled to absolute immunity, the pleading standard is even stricter. **See id.**

Mr. McCary fails to support his allegations of conspiracy with any specific facts to demonstrate the existence of an agreement and concerted action. Therefore, his claims against the named Defendants are legally frivolous and seek monetary relief against Defendants who are immune from such relief, and will be dismissed for those reasons. Accordingly, it is

ORDERED that the complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

DATED at Denver, Colorado, this 28th day of December, 2010.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK,
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02703-LTB

Todd Anthony Aurit
Prisoner No. 127586
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on December 28, 2010

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk